Filed 5/15/25  P. v. Perez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083001 |
| v. | (Super.Ct.No. INF1700473) |
| ARTHUR PEREZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.  Affirmed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

1

At a hearing pursuant to Penal Code section 1172.75,[1] the court found defendant and appellant Arthur Perez ineligible for a full resentencing hearing.  On appeal, defendant contends this court should reverse the order and remand the matter to the trial court with directions to hold a full resentencing hearing.  We affirm.

## I.  PROCEDURAL BACKGROUND

On July 23, 2018, a jury convicted defendant of carjacking (§ 215, subd. (a), count 1), assault with a deadly weapon (§ 245, subd. (a)(1), count 2), and criminal threats (§ 422, count 3).  The jury also found true an allegation that defendant had personally used a deadly weapon (§ 12022, subd. (b)(2)) during his commission of the carjacking.  The trial court found true allegations that defendant had suffered two prior strike convictions (§§ 667, subds. (b)-(i) & 1170.12), two serious felony convictions (§ 667, subd. (a)), and one prior prison term (§ 667.5, subd. (b)).  (*People v. Perez* (Aug. 28, 2020, E071544) [nonpub. opn.] (*Perez*).)

The trial court imposed a sentence of 40 years to life consisting of the following: 27 years to life on count 1, triple the upper term of nine years, pursuant to section 667, subdivision (e)(2)(A)(i); three years on the personal use of a deadly weapon enhancement; and five years on each of the two prior serious felony conviction enhancements.[2]  The court stayed sentence on the remaining counts and on the prior prison term enhancement.  (*Perez*, *supra*, E071544.)

---

[1]  All further statutory references are to the Penal Code.

[2]  The court declined defense counsel's request that it strike the prior serious felony conviction enhancements.

Defendant appealed. On appeal, the parties agreed that the prior prison term enhancement should have been stricken. This court affirmed the judgment but directed the trial court to strike the prior prison term enhancement as part of a resentencing hearing.[3] (*Perez, supra*, E071544.)

On December 21, 2023, at a hearing at which counsel represented defendant,[4] the court indicated that it had read and considered the decisions in *People v. Rhodius* (2023) 97 Cal.App.5th 38 (*Rhodius*), review granted February 21, 2024, S283169; *People v. Renteria* (2023) 96 Cal.App.5th 1276 (*Renteria*); *People v. Christianson* (2023) 97 Cal.App.5th 300 (*Christianson*), review granted February 21, 2024, S283189; and *People*

---

[3] It does not appear from the record that the trial court followed this court's direction to strike the prior prison term enhancement. An amended abstract of judgment dated November 9, 2022, still reflects a stayed prior prison term enhancement.

[4] It is unclear from the record as originally filed how the matter initially came to the court's attention. "[S]ection 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition. Rather the process is triggered by the Department of Corrections and Rehabilitation [the CDCR] identifying a defendant as a person serving a sentence that includes a prior prison term enhancement. [Citation.]" (*People v. Cota* (2023) 97 Cal.App.5th 318, 332; accord, *People v. Newell* (2023) 93 Cal.App.5th 265, 268; accord, *People v. Burgess* (2022) 86 Cal.App.5th 375, 382 [Lower and appellate courts lack jurisdiction over a request for section 1172.75 relief brought solely by a defendant].)

"Of course, 'the defendant . . . bears the burden to provide a record on appeal which affirmatively shows that there was error below, and any uncertainty in the record must be resolved against the defendant.' [Citation.]" (*People v. Moore* (2021) 68 Cal.App.5th 856, 866; *ibid.* ["Because appellant has failed to provide an adequate record for review, his claim fails. [Citation.]"].) Here, we satisfied defendant's burden of producing a record that establishes the proceeding below was initiated by the CDCR. On our own motion, we took judicial notice of a CDCR list from another case, which identifies individuals potentially eligible for section 1172.75 relief; defendant's name appears on that list.

*v. Saldana* (2023) 97 Cal.App.5th 1270 (*Saldana*), review granted March 12, 2024, S283547.

The court denied "the request for resentencing . . . as I find that the defendant is not somebody contemplated by the statute." "We still have an abstract, though, that says stayed. It should have said stricken. At this time[,] it would be the Court's intention to order the abstract amended to strike the previously stayed prison prior because that is what I believe the Court was required to do at all times."

## II. DISCUSSION

Defendant contends this court should reverse and remand the matter with directions to the trial court to hold a full resentencing hearing. The People maintain we should affirm the trial court's order in reliance on *Rhodius*. We affirm on a different basis.

After the case became fully briefed, division one of our court decided *People v. Tang* (2025) 109 Cal.App.5th 1003. It determined that "a stricken enhancement cannot be a 'sentence enhancement that was imposed' under section 1172.75, subdivision (a)." (*Id.* at p. 1007 [Defendant not entitled to resentencing where the trial court stayed the enhancement, but the appellate court modified the judgment on direct appeal to strike the prior prison term.].)

Here, like in *Tang*, the trial court stayed punishment on the prior prison term enhancement at sentencing. (*Perez*, *supra*, E071544.) However, also as in *Tang*, on appeal, this court directed the trial court to strike the prior prison term enhancement.

4

(*Perez*, *supra*, E071544.)  Thus, because this court ordered defendant's prior prison term stricken, the enhancement does not qualify as imposed; therefore, defendant is not entitled to a full resentencing hearing under section 1172.75.  (*People v. Tang*, *supra*, 109 Cal.App.5th at p. 1007.)

## III.  DISPOSITION

The court's order denying defendant's request for a full resentencing hearing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____
Acting P. J.

We concur:


FIELDS_____
            J.


MENETREZ_____
            J.

5